■ MID-ORANGE MECHANICAL CORP., Appellant, v TRIANGLE MECHANICAL AND ELECTRICAL Co., INC., et al., Respondents, et al., Defendants. [688 NYS2d 678] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of (1) an order the Supreme Court, Orange County (Slobod, J.), dated March 23, 1998, as granted that branch of the motion of the defendants Triangle Mechanical and Electrical Co., Inc., and its surety Frontier Insurance Company for summary judgment limiting the plaintiff's damages on its first, second, third, fourth, and fifth causes of action to the sum of $35,750.18, and (2) an order of the same court, dated July 29, 1998, as denied that branch of its motion which was to renew.

Ordered that the order dated March 23, 1998, is reversed insofar as appealed from, on the law, and that branch of the respondents' motion which was for summary judgment limiting the plaintiff's damages on its first, second, third, fourth, and fifth causes of action is denied; and it is further,

Ordered that the appeal from the order dated July 29, 1998, is dismissed as academic; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The respondents failed to establish their prima facie entitlement to summary judgment as a matter of law. The submission of evidence regarding only costs incurred by the plaintiff, ignores the breach of contract cause of action asserted by the plaintiff in the complaint. An issue of fact exists as to whether the plaintiff breached the contract by abandoning the project or whether the respondent Triangle Mechanical and Electrical Co., Inc., breached the contract by failing to pay the plaintiff as required by the contract.

Accordingly, the Supreme Court erred in granting the respondents' motion for summary judgment. Mangano, P. J., H. Miller, Feuerstein, Schmidt and Smith, JJ., concur.